UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**MAR 21, 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

March 21, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Norris, McLaughlin & Marcus
Robert L. Schmidt, Esq.
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey  08876-1018
*Counsel for Debtor/Defendant*

Forman Holt & Eliades LLC
Harry M. Gutfleish, Esq.
218 Route 17 North
Rochelle Park, New Jersey  07662
*Counsel for Catherine E. Youngman,*
*Chapter 7 Trustee*

Steven A. Hershkowitz, Esq.
317 Belleville Avenue
Bloomfield, New Jersey  07003
*Counsel for Plaintiff*

Catherine E. Youngman, Esq.
Feitlin, Youngman, Karas & Youngman
9-10 Saddle River Road
Fair Lawn, New Jersey  07410
*Chapter 7 Trustee*

Re:   **Anthony Scaffidi v. Karen F. DeSoto**
      **Adversary Pro. No. 05-06425 (DHS)**

Page 2
March 21, 2006

Dear Counsel:

Before the Court is a motion filed by Debtor-Defendant, Karen DeSoto (hereinafter "Debtor"), seeking to dismiss the adversary complaint filed by Plaintiff Anthony Scaffidi as untimely pursuant to Federal Rule of Bankruptcy Procedure 4007(c). The Plaintiff filed opposition to the motion to dismiss. For the following reasons, the Debtor's motion to dismiss the adversary complaint is hereby granted.

The facts underlying the motion are not in dispute. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 14, 2005. (*See Certification of Robert L. Schmidt in Support of Motion to Dismiss Plaintiff's Complaint as Untimely Pursuant to Federal Rule of Bankruptcy Procedure 4007(c)*, ¶ 2) (hereinafter "*Schmidt Cert.*"). The Plaintiff is a general unsecured creditor of the estate by virtue of an alleged debt which was the subject of a pre-petition lawsuit pending in the Superior Court of New Jersey. (*Schmidt Cert.*, ¶ 4). On her bankruptcy petition, the Debtor listed the Plaintiff's claim as a contingent, unliquidated, disputed debt. (*Schmidt Cert.*, ¶ 4). Christina Thomas, Esq., represented the Plaintiff in the pre-petition lawsuit against the Debtor.

The Plaintiff subsequently retained the law firm of Yablonsky & Associates, LLC, which filed a motion for relief from the automatic stay on June 17, 2005, seeking to have the automatic stay lifted to be able to continue the state court proceedings. Attached to the Plaintiff's motion for stay relief was a copy of the state court complaint filed by the Plaintiff against the Debtor. Further, on June 20, 2005, Christina Thomas, Esq., filed a letter with the Court explaining the need for immediate relief from the automatic stay so as to permit the

Page 3
March 21, 2006

state court proceedings to continue. Namely, that at the time the bankruptcy petition was filed the parties were in the middle of a trial and were stay relief denied, "we will lose the jury, which has already heard opening statements and many hours of testimony that would have to be repeated, at a substantial expense, both to [the Plaintiff] and the Court." The June 20, 2005 letter contends that the state court "lawsuit filed by [the Plaintiff] constitutes a nondischargeable debt pursuant to § 523 of the Bankruptcy Code . . . ."

Significantly, the June 20, 2005 letter filed with the Court by Christina Thomas, Esq., states as follows:

> [The Plaintiff's] claim falls squarely within an exception to discharge, because his claim is that [the Debtor], his fiancee, purposefully and knowingly rendered legal advice to him (acting in a fiduciary capacity) defrauded him (lied to him about common law marriage, lied to him about the application of equitable distribution, lied to him about holding his property in trust as a fiduciary, lied to him about the legality of what she proposed to do) then stole everything he had ever earned from him (embezzlement and larceny) . . . .
>
> *We do not ask the Court to make any finding at this time with respect to whether or not [the Debtor's] bankruptcy filing constitutes fraud or even requires official discharge. It is clear that there is a necessary process that must be undertaken before such a finding could properly be made.* We respectfully request that [the Plaintiff] be granted emergent relief from the stay so that his trial may be conducted and the amount of the now "potential" debt determined.
> (Emphasis Added)

On June 24, 2005, the Court entered an Order denying the Plaintiff's request for relief from the automatic stay. On June 27, 2005, the Chapter 7 Trustee, Catherine E. Youngman, conducted the required meeting of creditors. (*Schmidt Cert.*, ¶ 9). Christina Thomas, Esq., appeared at the meeting of creditors on behalf of the Plaintiff. (*Schmidt Cert.*, ¶ 9). Based upon Federal Rule of Bankruptcy Procedure 4007(c), the deadline to object to the nondischargeability of a debt was September 26, 2005, or sixty (60) days after

Page 4
March 21, 2006

the initially scheduled § 341 meeting of creditors. On December 23, 2005, approximately ninety days beyond the September 26 deadline established by Rule 4007(c), the Plaintiff filed the present adversary proceeding against the Debtor seeking nondischargeability of debt pursuant to §§ 523(a)(2) and 523(a)(4) of the Bankruptcy Code.[1]

In response to the Debtor's motion to dismiss the complaint, the Plaintiff does *not* contest that an untimely complaint was filed. Rather, the Plaintiff submits the motion should be denied "on the basis that previous pleadings, which were timely filed, served the purpose of a Complaint, so that the instant pleading, which is only stylistically different from the previous pleadings, should relate back to the date of the earlier filings." (*See Memorandum of Law in Opposition to the Debtor/Defendant's Motion to Dismiss the Adversary Complaint, and in Support of the Plaintiff's Cross-motion to Dismiss the Petition, or, in the Alternative, for Relief from the Automatic Stay*, pg. 2) (hereinafter "*Plaintiff Br.*").[2]

In support of this argument, the Plaintiff submits as follows:

> As proffered and/or exhibited in the accompanying Certification of Christina M. Thomas, . . . the Debtor and the Court first were presented, on or about June 17, 2005, with a copy of [the Plaintiff's] state court Complaint against the Debtor, . . . which well pleads the basis of [the Plaintiff's] claims against the Debtor, *inter alia*, for breach of fiduciary duty, fraud, embezzlement, theft and legal malpractice.

---

[1] The adversary complaint was filed by Steven A. Hershkowitz, Esq., on behalf of the Plaintiff.

[2] The Plaintiff's response to the Debtor's motion was filed as a cross-motion seeking unrelated forms of relief. Because this cross-motion did not comply with Local Bankruptcy Rule 9013-1(d), insofar as the cross-motion is "unrelated" to the underlying motion to dismiss, the Court adjourned this aspect of the Plaintiff's response to a later date. Nonetheless, inasmuch as the cross-motion did include opposition on the merits to the Debtor's motion to dismiss, the Court will consider the Plaintiff's responsive pleading in this limited scope.

Page 5
March 21, 2006

> Also as proffered and/or exhibited in Ms. Thomas' Certification . . . on or about June 20, 2005, the Debtor and the Court received a "letter brief" from Ms. Thomas . . . which advised that the Complaint, adopted by reference in that letter, was asserted as a basis for denying a discharge of [the Plaintiff's] claims . . . .
>
> *It is not an exaggeration to say that, except for paying a filing fee and appending a cover sheet, the whole of these submissions exactly constituted an Adversary Complaint. Without question it served the same purpose as a Complaint*.
>
> That is, in her submissions, Ms. Thomas clearly notified the Court and all parties that, because of the Debtor's fraud and breach of fiduciary duties to [the Plaintiff], [the Plaintiff's] claims should not be discharged in the bankruptcy, and Ms. Thomas specifically invoked § 523(a)(4) as the basis for denying a discharge to the Debtor.

[(*Plaintiff Br.*, pgs. 2-3) (emphasis added)].

Federal Rule of Bankruptcy Procedure 4007(c) provides in pertinent part that a "complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." *See* Fed. R. Bankr. P. 4007(c) (West 2006). Rule 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id.*

The purpose of the short limitation period with respect to the filing of a complaint objecting to the dischargeability of a debt "is to further both the prompt administration of the estate and [the] fresh start goals of bankruptcy relief, allowing the debtor to enjoy finality and certainty of relief from financial distress as quickly as possible." *Cartage Pac., Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 881 (B.A.P. 9th Cir. 1995) (citation omitted). Because of these dual policies, the deadlines provided by the Federal Rules of Bankruptcy

Page 6
March 21, 2006

Procedure are to be interpreted strictly. *See In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999). In this instance, the Plaintiff does not dispute that he had notice of the Debtor's bankruptcy filing; in fact, the Debtor listed the Plaintiff as an unsecured creditor on his bankruptcy petition. Moreover, the Plaintiff sought almost immediate stay relief and appeared with counsel at the meeting of creditors on June 27, 2005. Yet, despite actual knowledge by the Plaintiff of the bankruptcy proceedings and participation in those proceedings, and the specific contention that the underlying action constituted a possible non-dischargeable debt, the Plaintiff failed to file a timely adversary complaint within the sixty-day period provided by Rule 4007(c), and further failed to file a motion within the sixty-day period seeking an extension of the statutory deadline "for cause."[3]

The Plaintiff's strained theory of welding a non-dischargeability complaint out of the amalgamation of the June 20, 2005 letter to the Court and a copy of the state court complaint filed *as an exhibit* accompanying a motion to lift the automatic stay is premised upon two cases, *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253 (Bankr. S.D.N.Y. 1992) and *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998). Neither of these cases persuade the Court that Plaintiff's theory is anything other than an attempt to overcome Plaintiff's lack of diligence. Unlike the situation presented in this case, the *pro se* creditor in *Rand* not only sent a letter to the bankruptcy court objecting to the debtor's discharge prior to the statutory deadline, but within days after the deadline the creditor actually commenced an adversary proceeding against the debtor, and prepared "an adversary proceeding cover sheet which contained a brief description of her action, characterizing the action

---

[3]It should be noted that a failure to act due to "excusable neglect" is not a basis to extend the deadline contained within Federal Rule of Bankruptcy Procedure 4007. *See Chester & Biederman v. Oury, DeClemente & Mizdol*, 165 B.R. 783, 788 (Bankr. D.N.J. 1994). *See also* Fed. R. Bankr. P. 9006(b)(3) (West 2006).

Page 7
March 21, 2006

as one objecting to [the debtor's] discharge pursuant to § 727, and to the dischargeability of her debt pursuant to sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code." 144 B.R. at 255. The decision in *Rand* is unpersuasive with respect to the facts *sub judice* for at least two reasons. First, unlike the situation here where the Plaintiff was at all times represented by counsel, the creditor in *Rand* acted *pro se*, a fact not lost upon the *Rand* court. *See id.* at 257 ("Wholly ignorant as to proper procedure, this *pro se* creditor filed her adversary proceeding by filing the appropriate papers with the clerk's office"). Second, the creditor in *Rand* sent a letter to the court specifically objecting to the discharge of her claim against the Debtor. Here, by its express terms, the purpose of the June 20, 2005 letter was not to object to the discharge of the Plaintiff's claim against the Debtor, but rather to apprise the Court of the circumstances surrounding the need for immediate relief from the stay. Significantly, counsel for the Plaintiff in the June 20, 2005 letter specifically stated that the Plaintiff was not seeking a finding with respect to the dischargeability of debt. Moreover, counsel expressly noted that "it is clear that there is a necessary process that must be undertaken before such a finding could properly be made." The necessary process is the timely filing of an adversary complaint objecting to the dischargeability of debt. Yet despite this admitted knowledge, the Plaintiff failed to follow this procedure.

With respect to the *Little* decision, the objecting creditors filed a pleading with the court, captioned, "Objection to Discharge." The issue for the court was whether that specific pleading satisfied the requirements of Federal Rule of Bankruptcy Procedure 7008. *See* 220 B.R. at 16-17. Unlike the situation in *Little* where the pleading filed by the creditors specifically sought the non-dischargeability of a debt, both filings by the Plaintiff in this action relate to the request for stay relief, and not a request to hold certain debt non-

Page 8
March 21, 2006

dischargeable under the Bankruptcy Code. The June 20, 2005 letter makes this abundantly clear and distinguishes this matter from the analysis in *Little*.

At oral argument, counsel for the Plaintiff raised the decision of *Dominguez v. Miller (In re Dominquez)*, 51 F.3d 1502 (9th Cir. 1995) in further support of the Plaintiff's relation-back theory.[4] However, this decision is also distinguishable from the facts in this case. In *Dominguez*, an individual Chapter 11 case, two days prior to the scheduled confirmation of the plan, the objecting creditors filed a "Memorandum Re: Relationship Between Order Confirming Trustee's Plan and Debtor's Discharge" in which the objecting creditors "contended that § 1141(d)(3) prohibited the confirmation of the Trustee's plan from discharging the debt to the [creditors] because the situation satisfied the three statutory conditions for nondischargeability – liquidation, suspension of business, and applicability of § 727(a)." 51 F.3d at 1505. The objecting creditors in *Dominguez* chose not to file a formal complaint objecting to the discharge of the debt "because their attorney took the [legal] position that satisfaction of the statutory requirements of section 1141(d)(3) prohibited discharge of the debts as a matter of law, whether or not a complaint objecting to discharge had been filed . . . ." *Id.* The Ninth Circuit Court of Appeals agreed with the determination reached by the Bankruptcy Appellate Panel for the Ninth Circuit that the filed memorandum satisfied the requirement of a formal complaint objecting to discharge because the pleading specifically "challenged Dominguez' right to a discharge and provided appropriate allegations and at least some substantive evidence to support the

---

[4]Based upon the reliance of an authority not raised initially in the Plaintiff's brief, the Court provided the Debtor with an opportunity to file a short pleading addressing the applicability, if any, of the *Dominguez* decision to the facts *sub judice*. On March 3, 2006, the Debtor filed a letter brief on this issue. The Court reviewed and considered this additional pleading in rendering its decision.

Page 9
March 21, 2006

challenge." *Id.* at 1506. The Ninth Circuit Court of Appeals stated the following with respect to the sufficiency of the discharge memorandum serving as a substitute for a formal complaint objecting to discharge:

> The Discharge Memorandum urged the bankruptcy court to address the extent to which the confirmation order should discharge Dominguez' debts. The memorandum cited the statutory criteria upon which the [creditors] relied in making their claim of nondischargeability, and it referenced specific sections of the examiner's report as support for their allegations that the criteria had been satisfied. It stated the [creditors'] claim for relief, in that it claimed that the confirmation order could not discharge Dominguez' debts under the law.

[*Id.* at 1509].

Unlike the discharge memorandum filed in *Dominguez*, the June 20, 2005 letter by the Plaintiff's counsel did not directly challenge the Debtor's right to receive a discharge under § 523, but merely attempted to alert the Court that the underlying state law claims, if any when proven, may form the basis of a § 523 adversary proceeding. Again, the purpose of the June 20, 2005 letter was *not* to bar the debtor's discharge, but to persuade the Court to grant the Plaintiff's motion for emergent relief from the automatic stay so that his state court trial could proceed unhampered. Most significantly, unlike the situation in *Dominguez* where the creditors took the affirmative step of filing a separate pleading with the court objecting to the debtor's discharge, no such pleading was filed by the Plaintiff in this case. The terse references to § 523 of the Code or nondischargeability raised by the Plaintiff simply cannot rise to the level of a pleading sufficient enough to replace the need for a formal complaint objecting to discharge.

As the Debtor aptly notes, even if the June 20, 2005 letter and the exhibit accompanying the motion for stay relief could in some way be construed to constitute a nondischargeability complaint, the Plaintiff provides absolutely no justification for waiting until December 20, 2005, more than 180 days after the June

Page 10
March 21, 2006

20, 2005 letter, to file a formal adversary complaint, especially when on notice that "a necessary process [needed to] be undertaken before . . . a finding [of non-dischargeability] could properly be made." (*See Letter of Christina Thomas, Esq.*, dated June 20, 2005). Conversely, in *Little*, the proponent of the initial pleading took far more diligent steps to remedy the defect. After filing its "Objection to Discharge" on October 31, 1997, the creditor received notice from the court on November 17, 1997 that it needed to file an adversary complaint in order to object to the discharge of a certain debt. *See* 220 B.R. at 15. On December 5, 1997, the creditor filed a "Motion Requesting Leave to Amend Informal Complaint." *Id.* at 15-16. Thus, within a span of thirty-five days, the creditor in *Little* moved to remedy its defective pleading. Conversely, in this case, there is a six-month gap between pleadings. In short, it is apparent to the Court that the Plaintiff has failed to act diligently and within the governing rules of court to protect its rights.

For these reasons, the motion to dismiss the adversary complaint filed by the Debtor is hereby granted.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

s/ **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure